Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Douglas Wentzel (SBN 313,452)
douglas.wentzel@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
CHUBBY GORILLA. INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBBY GORILLA, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN BEREBER, an individual, DRIP MORE, LLC, a California corporation, <br><br> Defendants. | Case No. 8:17-cv-1842 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Chubby Gorilla, Inc. hereby complains of Defendant Drip More LLC ("Drip More") and Brian Bereber ("Bereber") (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the state law unfair competition claims in this action under 28 U.S.C. § 1338(b) because they are substantially related to the federal claims and under 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

2. This Court has personal jurisdiction over Defendant Drip More LLC ("Drip More") because Drip More maintains its principal place of business in Carson, California, within this Judicial District.

3. Chubby Gorilla is informed and believes and, thereon, alleges that this Court has personal jurisdiction over Defendant Brian Bereber ("Bereber") because Bereber resides in this Judicial District and because Bereber owns and operates Drip More within this Judicial District.

4. This Court has personal jurisdiction over each of the Defendants also because the Defendants have a continuous, systematic, and substantial presence within this Judicial District including by selling and offering for sale infringing products in this Judicial District, and by committing acts of infringement in this Judicial District, including but not limited to selling infringing products directly to consumers and retailers in this Judicial District, and selling infringing products into the stream of commerce knowing such products would be sold in this Judicial District, which acts form a substantial part of the events giving rise to Chubby Gorilla's claims.

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## THE PARTIES

6. Plaintiff Chubby Gorilla is a California corporation having its principal place of business at 4080 N. Palm Street, Suite 802, Fullerton, California 92835.

7. Chubby Gorilla is informed and believes and, thereon, alleges that Defendant Drip More is a California corporation having its principal place of business at 23740 S. Main Street, Carson, California 90745.

8. Chubby Gorilla is informed and believes and, thereon, alleges that Defendant Bereber is an individual residing in this Judicial District, and that Bereber is the owner and operator of Drip More and personally directs all actions of Drip More, including all conduct of Drip More at issue in this litigation.

## GENERAL ALLEGATIONS

9. Chubby Gorilla is one of the nation's leading manufacturers of the bottles used to house the liquid used in electronic cigarettes. To date, Chubby Gorilla has sold more than 80 million units of its bottles.

10. Chubby Gorilla has obtained and owns numerous trademark registrations for use in connection with the marketing of its goods. These include U.S. Trademark Registration Nos. 4,949,119 ("the '119 Registration"), 5,054,694 ("the '694 Registration"), 5,175,220 ("the '220 Registration"), 5,209,538 ("the '538 Registration"), 5,223,288 ("the '288 Registration"), and 5,269,998 ("the 998 Registration") (collectively, the "Chubby Gorilla Marks").

11. Chubby Gorilla is the owner of the '119 Registration, which was registered with the United States Patent & Trademark Office ("U.S.P.T.O.") on May 3, 2016 on the Principal Register for the mark CHUBBY GORILLA®. A true and correct copy of the certificate of registration of the '119 Registration is

1 attached hereto as Exhibit 1 and is hereby incorporated by reference in its
2 entirety.
3       12. Chubby Gorilla is the owner of the '694 Registration, which was
4 registered with the U.S.P.T.O. on October 4, 2016 on the Principal Register for
5 the mark CHUBBY GORILLA®. A true and correct copy of the certificate of
6 registration of the '694 Registration is attached hereto as Exhibit 2 and is hereby
7 incorporated by reference in its entirety.
8       13. Chubby Gorilla is the owner of the '220 Registration, which was
9 registered with the U.S.P.T.O. on April 4, 2017 on the Principal Register for the
10 mark UNICORN BOTTLE®. A true and correct copy of the certificate of
11 registration of the '220 Registration is attached hereto as Exhibit 3 and is hereby
12 incorporated by reference in its entirety.
13       14. Chubby Gorilla is the owner of the '538 Registration, which was
14 registered with the U.S.P.T.O. on May 23, 2017 on the Principal Register for the
15 mark GORILLA®. A true and correct copy of the certificate of registration of
16 the '220 Registration is attached hereto as Exhibit 4 and is hereby incorporated
17 by reference in its entirety.
18       15. Chubby Gorilla is the owner of the '288 Registration, which was
19 registered with the U.S.P.T.O. on June 13, 2017 on the Principal Register for the
20 mark CHUBBY GORILLA®. A true and correct copy of the certificate of
21 registration of the '288 Registration is attached hereto as Exhibit 5 and is hereby
22 incorporated by reference in its entirety.
23       16. Chubby Gorilla is the owner of the '998 Registration, which was
24 registered with the U.S.P.T.O. on August 22, 2017 on the Principal Register for
25 the mark CHUBBY ®. A true and correct copy of the certificate of registration
26 of the '998 Registration is attached hereto as Exhibit 6 and is hereby incorporated
27 by reference in its entirety.
28

17. None of the Chubby Gorilla Marks have been abandoned, canceled, or revoked. Each of the Chubby Gorilla Marks constitutes an enforceable trademark that uniquely identifies products as emanating from, sponsored by, and/or authorized by Chubby Gorilla.

18. As a result of the widespread use and display of each of the Chubby Gorilla Marks as a distinctive trademark identifying Chubby Gorilla's products, (a) the public has come to recognize and identify products bearing any of the Chubby Gorilla Marks as emanating from Chubby Gorilla, (b) the public recognizes that products bearing any of the Chubby Gorilla Marks constitute high quality products that conform to the specifications created by Chubby Gorilla, and (c) that each of the Chubby Gorilla Marks has established strong secondary meaning and extensive goodwill.

19. The products sold by Chubby Gorilla under each of the Chubby Gorilla Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

20. Products sold under the Chubby Gorilla Marks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service conditions. As a result, each of the Chubby Gorilla Marks, and the goodwill associated therewith, are of great value to Chubby Gorilla.

21. Chubby Gorilla markets and sells bottles that bear a unique and distinctive trade dress in the overall design of the bottle ("CG Trade Dress"). Examples of these uniquely shaped bottles are pictured below:

/ / /
/ / /
/ / /
/ / /

4



22. Due to the overwhelming number of sales of bottles bearing the CG Trade Dress, with more than 80 million units sold to date, the consuming public has come to associate the CG Trade Dress exclusively with Chubby Gorilla.

23. The public's association of the CG Trade Dress with Chubby Gorilla has been enhanced by Chubby Gorilla's advertising. This advertising, including advertising on the Chubby Gorilla website, prominently features pictures of the uniquely shaped Chubby Gorilla bottle, further cementing the public's association of this shape with Chubby Gorilla.

24. As a Chubby Gorilla's widespread use and display of the CG Trade Dress in association with its bottles, (a) the public has come to recognize and identify bottles bearing the CG Trade Dress as emanating from Chubby Gorilla, (b) the public recognizes that bottles bearing the CG Trade Dress constitute high quality products that conform to the specifications created by Chubby Gorilla, and (c) the CG Trade Dress has established strong secondary meaning and extensive goodwill.

25. The CG Trade Dress is not functional. The design features embodied by the CG Trade Dress are not essential to the function of the bottle, do not make the bottle cheaper or easier to manufacture, and do not affect the quality of the bottle. The design embodied by the CG Trade Dress is not a competitive necessity.

5

26. The shape of the CG Trade Dress serves to identify Chubby Gorilla as the source of the bottles.

27. Drip More sells bottles filled with electronic cigarette liquid. Drip More does business under the name "Candy King." Drip More's marketing associates its electronic cigarette products with various candies and candy flavors.

28. Drip More advertises its Candy King bottles on websites including www.ejuicedirect.com, www.wholesalevapor.com, www.elementvape.com, www.ecigarettes-wholesale.com, and www.kangerwholesaleusa.com.

29. On each of these websites, and other websites, Drip More falsely states that its electronic cigarette liquids are contained in "Chubby Gorilla" bottles. Drip More also advertises its bottles as "Unicorn Bottles." Through this improper and unauthorized use of the Chubby Gorilla Marks, Drip More is falsely informing the public that its electronic cigarette bottles are manufactured or endorsed by Chubby Gorilla.

30. In addition, Drip More packages its electronic cigarette liquid in bottles that are nearly identical in appearance to Chubby Gorilla's bottles. This, again, falsely represents to consumers that Drip More's products are manufactured or endorsed by Chubby Gorilla.

31. Each of Drip More's actions was intentionally caused by Bereber, who owns and controls Drip More and controls all of its activities.

32. Moreover, Bereber personally applied for the trademark "Candy King." Chubby Gorilla is informed and believes and, thereon, alleges that Bereber licenses the Candy King mark to his company, Drip More, for use in connection with Drip More's imitation Chubby Gorilla bottles, thereby facilitating Drip More's misconduct.

33. Before launching Drip More, Bereber was a distributor of genuine Chubby Gorilla® bottles. Consequently, the Defendants had actual knowledge of

6

...

the Chubby Gorilla® trademark and trade dress before launching their own products using the same Chubby Gorilla® trademark and trade dress.

## COUNT I

## TRADEMARK INFRINGEMENT

34. Chubby Gorilla repeats and realleges the allegations of Paragraphs 1-33 of this Complaint as if set forth fully herein.

35. This is a claim for infringement of federally registered trademarks arising under 15 U.S.C. § 1114.

36. By advertising its electronic cigarette liquids as being sold in "Chubby Gorilla" bottles, the Defendants have infringed Chubby Gorilla's '119, '694, '538, '288, and '998 Registrations.

37. In particular, by using the identical Chubby Gorilla® trademark in connection with the sale of goods that are essentially identical to those of Chubby Gorilla, the Defendants are very likely to cause consumer confusion as to the source of the Defendants' bottles. In fact, consumer confusion is a certainty because the Defendants are affirmatively representing to consumers that their bottles are manufactured or endorsed by Chubby Gorilla.

38. By advertising its electronic cigarette liquids as being sold in "Unicorn Bottles," the Defendants have infringed Chubby Gorilla's 220 Registration.

39. In particular, by using the identical Unicorn Bottle® trademark in connection with the sale of goods that are essentially identical to those of Chubby Gorilla, the Defendants are very likely to cause consumer confusion as to the source of the Defendants' bottles. In fact, consumer confusion is a certainty because the Defendants are affirmatively representing to consumers that their bottles are manufactured or endorsed by Chubby Gorilla.

40. Defendants infringed each of the Chubby Gorilla Marks with the intent to unfairly compete with Chubby Gorilla, to trade upon Chubby Gorilla's

reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originate from, or are approved by Chubby Gorilla, when they are not.

41. Defendants' activities constitute willful and intentional infringement of each of the Chubby Gorilla Marks in total disregard of Chubby Gorilla's proprietary rights. Defendants infringed each of the Chubby Gorilla's trademark rights despite having knowledge that the use of each of the Chubby Gorilla Marks was, and is, in direct contravention of Chubby Gorilla's rights.

42. Chubby Gorilla is informed and believes and, thereon, alleges that the Defendants have derived and received gains, profits, and advantages from their trademark infringement in an amount that is not currently known to Chubby Gorilla. Moreover, the Defendants' actions have damaged Chubby Gorilla in an amount to be determined at trial.

43. Further, the Defendants' trademark infringement has caused Chubby Gorilla to suffer, and to continue to suffer, great and irreparable injury for which Chubby Gorilla has no adequate remedy at law.

44. Pursuant to 15 U.S.C. § 1117, Chubby Gorilla is entitled to damages for Defendants' infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## COUNT II
## TRADE DRESS INFRINGEMENT

45. Chubby Gorilla repeats and realleges the allegations of Paragraphs 1-44 of this Complaint as if set forth fully herein.

46. This is a claim for trade dress infringement arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Chubby Gorilla has valid trade dress rights in the CG Trade Dress, which are protected by Section 43(a) of the Lanham Act.

8

48. The Defendants' use of an essentially identical bottle in connection with the sale of electronic cigarette liquids is likely to cause consumer confusion as to the source of the Defendants' bottles.

49. Accordingly, the Defendants' use of an essentially identical bottle infringes Chubby Gorilla's trade dress rights.

50. Chubby Gorilla is informed and believes and, thereon, alleges that the Defendants' acts of trade dress infringement were willfully undertaken with the express purpose of causing consumer confusion as to the source of the Defendants' bottles so that the Defendants could take unfair advantage of Chubby Gorilla's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by Chubby Gorilla, when they are not, resulting in a loss of reputation in, and mischaracterization of, Chubby Gorilla's products and its brand, damaging its marketability and saleability.

51. Chubby Gorilla's activities constitute willful and intentional infringement of the CG Trade Dress rights in total disregard of Chubby Gorilla's proprietary rights, and were done despite Defendants' explicit knowledge that the use of the CG Trade Dress was and is in direct contravention of Chubby Gorilla's rights.

52. Chubby Gorilla is informed and believes and, thereon, alleges that the Defendants have derived and received gains, profits, and advantages from their trade dress infringement in an amount that is not currently known to Chubby Gorilla. Moreover, the Defendants' actions have damaged Chubby Gorilla in an amount to be determined at trial.

53. Further, the Defendants' trade dress infringement has caused Chubby Gorilla to suffer, and to continue to suffer, great and irreparable injury for which Chubby Gorilla has no adequate remedy at law.

54. Pursuant to 15 U.S.C. § 1117, Chubby Gorilla is entitled to damages for Defendants' infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND
## FEDERAL UNFAIR COMPETITION

55. Chubby Gorilla repeats and re-alleges the allegations of Paragraphs 1-54 of this Complaint as if set forth fully herein.

56. This is a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

57. Defendants' use of each of the Chubby Gorilla Marks and the CG Trade Dress without Chubby Gorilla's consent, each constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Chubby Gorilla, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Chubby Gorilla, and (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

58. In particular, by using the Chubby Gorilla Marks in connection with the sale of goods that infringe the CG Trade Dress, the Defendants are very likely to cause consumer confusion as to the source of the Defendants' bottles. In fact, consumer confusion is a certainty because the Defendants are affirmatively representing to consumers that their bottles are manufactured or endorsed by Chubby Gorilla.

59. Such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the

1 origin of Defendants' products, the origin of the Chubby Gorilla Marks and CG Trade Dress, and cause said persons to mistakenly believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Chubby Gorilla or are in some way affiliated or connected with Chubby Gorilla, all in violation of 15 U.S.C. § 1125(a), and constitutes false designation of origin and unfair competition with Chubby Gorilla.

60. Chubby Gorilla is informed and believes, and thereon alleges, that Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

61. Chubby Gorilla is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and unfair competition in an amount that is not presently known to Chubby Gorilla. By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, Chubby Gorilla has been damaged and is entitled to monetary relief in an amount to be determined at trial.

62. Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and unfair competition, Chubby Gorilla has suffered and continues to suffer great and irreparable injury, for which Chubby Gorilla has no adequate remedy at law.

## COUNT IV
## STATUTORY UNFAIR COMPETITION

63. Chubby Gorilla repeats and realleges the allegations of Paragraphs 1-62 of this Complaint as if set forth fully herein.

11

64. This is a claim for unfair competition arising under California Business & Professions Code § 17200 *et seq.*

65. The Defendants' acts of trademark and trade dress infringement described above constitute unfair competition in violation of California Business & Professions Code § 17200 *et seq.*

66. Chubby Gorilla is informed and believes and, thereon, alleges that the Defendants have derived and received gains, profits, and advantages from their unfair competition in an amount that is not currently known to Chubby Gorilla. Moreover, the Defendants' actions have damaged Chubby Gorilla in an amount to be determined at trial.

67. Further, the Defendants' unfair competition has caused Chubby Gorilla to suffer, and to continue to suffer, great and irreparable injury for which Chubby Gorilla has no adequate remedy at law.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

68. Chubby Gorilla repeats and realleges the allegations of Paragraphs 1-54 of this Complaint as if set forth fully herein.

69. This is a claim for unfair competition arising under the common law of California.

70. The Defendants' acts of trademark and trade dress infringement described above constitute unfair competition in violation of California common law.

71. Chubby Gorilla is informed and believes and, thereon, alleges that the Defendants have derived and received gains, profits, and advantages from their unfair competition in an amount that is not currently known to Chubby Gorilla. Moreover, the Defendants' actions have damaged Chubby Gorilla in an amount to be determined at trial.

72. Further, the Defendants' unfair competition has caused Chubby Gorilla to suffer, and to continue to suffer, great and irreparable injury for which Chubby Gorilla has no adequate remedy at law.

73. Chubby Gorilla is informed and believes and, thereon, alleges that the Defendants' unfair competition has been willful, wanton, and oppressive, warranting an award of punitive damages to Chubby Gorilla in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Chubby Gorilla prays for judgment in its favor and against the Defendants as follows:

A. That the Court find for Chubby Gorilla and against Defendants on Chubby Gorilla's claims of trademark infringement under 15 U.S.C. § 1114, and adjudge that Defendants have infringed each of the Chubby Gorilla Marks;

B. That the Court find for Chubby Gorilla and against Defendants on Chubby Gorilla's claim of trade dress under 15 U.S.C. § 1125(a), and adjudge that Defendants have infringed the CG Trade Dress;

C. That the Court find for Chubby Gorilla and against Defendants on Chubby Gorilla's claims of false designation of origin and unfair competition under 15 U.S.C. § 1125;

D. That the Court find for Chubby Gorilla and against Defendants on Chubby Gorilla's claims of unfair competition under California Business & Professions Code § 17200, *et seq.* and California common law;

E. That the Court issue a preliminary and permanent injunction against Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. using any of the Chubby Gorilla Marks or any mark confusingly similar thereto;
2. using the CG Trade Dress or any trade dress that is confusingly similar thereto;
3. falsely designating the origin of Defendants' goods;
4. unfairly competing with Chubby Gorilla in any manner whatsoever;
5. causing a likelihood of confusion or injuries to Chubby Gorilla's business reputation;
6. manufacturing, using, displaying, distributing, marketing, advertising, and/or selling any goods bearing any of the Chubby Gorilla Marks or any mark confusingly similar thereto; or,
7. manufacturing, using, displaying, distributing, marketing, advertising, and/or selling any goods bearing the CG Trade Dress or any design confusingly similar thereto;

F. That an accounting be ordered to determine Defendants' profits resulting from its trademark infringement, trade dress infringement, false designation of origin, and unfair competition;

G. That Chubby Gorilla be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:
1. all profits received by Defendants from sales and revenues of any kind made as a result of their infringing actions, said amount to be trebled;
2. all damages sustained by Chubby Gorilla as a result of Defendants' acts of trademark infringement, false designation of origin, and unfair competition, and that such damages be trebled; and,

3. the costs of this action;

H. That such damages and profits be trebled and awarded to Chubby Gorilla pursuant to 15 U.S.C. § 1117;

I. An Order adjudging that this is an exceptional case;

J. That, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions, this Court award to Chubby Gorilla all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

K. That Chubby Gorilla recover exemplary damages pursuant to California Civil Code § 3294;

L. An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and,

M. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 20, 2017   By: */s/ Ali S. Razai*
Paul A. Stewart
Ali S. Razai
Douglas Wentzel
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
paul.stewart@knobbe.com
ali.razai@knobbe.com
douglas.wentzel@knobbe.com

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff Chubby Gorilla, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 20, 2017      By: */s/ Ali S. Razai*
　　　　　　　　　　　　　　　　Paul A. Stewart
　　　　　　　　　　　　　　　　Ali S. Razai
　　　　　　　　　　　　　　　　Douglas Wentzel
　　　　　　　　　　　　　　　　2040 Main Street, 14th Floor
　　　　　　　　　　　　　　　　Irvine, CA 92614
　　　　　　　　　　　　　　　　(949) 760-0404 Telephone
　　　　　　　　　　　　　　　　paul.stewart@knobbe.com
　　　　　　　　　　　　　　　　ali.razai@knobbe.com
　　　　　　　　　　　　　　　　douglas.wentzel@knobbe.com

　　　　　　　　　　　　　　　　Attorneys for Plaintiff